IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Teru Davis, ) | Civil Action No.: 5:24-407-BHH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Vitalcore Health Strategies; Jason ) | |
| Loy HSA; and Natalie Bell APRN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Teru Davis, proceeding *pro se* ("Plaintiff"), filed this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. On April 11, 2024, Defendants filed a motion to dismiss for failure to state a claim. (ECF No. 22.) Because Plaintiff is proceeding *pro se*, the Court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the need to file a response to Defendants' motion. The Court received notification on May 2, 2024, that the *Roseboro* order had been returned as undeliverable to the address Plaintiff provided. (ECF No. 27.)

On May 20, 2024, the Court issued an order advising Plaintiff to advise the Court whether he wished to proceed with this case and to respond to Defendants' motion by June 19, 2024. (ECF No. 30.) This order was also returned as undeliverable, and it appears that Plaintiff has failed to keep the Court apprised of his correct address and that Plaintiff has otherwise abandoned this action and does not oppose Defendants' motion.

Accordingly, on July 9, 2024, the United States Magistrate Judge, in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., reviewed the record and filed a Report and Recommendation ("Report"), outlining the procedural history and recommending that the Court dismiss this action with prejudice for failure to prosecute

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, and in accordance with *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989); and *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) Attached to the Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections were filed, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge's thorough analysis. **Accordingly, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 36), and the Court dismisses**

**this action with prejudice for failure to prosecute pursuant to Rule 41(b).**

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

July 29, 2024  
Charleston, South Carolina